# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andre Jamal Tillman, | ) | |
| | ) | C.A. No.: 4:09-1188-PMD-TER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| C.O Ward, Lexington County Jail, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court upon Plaintiff Andre Jamal Tillman's ("Plaintiff") Objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommended the court dismiss the complaint for failure to state a claim upon which relief may be granted. Having reviewed the entire record, including the Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## STANDARD OF REVIEW

The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). If a party makes a written objection to a Magistrate Judge's report within ten days of being served with a copy of that report, the court will review the specific objections *de novo*. 28 U.S.C. § 636(b)(1). The court is allowed to accept, reject, or modify the R&R in whole or in part. *Id*. Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id. Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a court is charged with

liberally construing a complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## ANALYSIS

Plaintiff, an inmate at the Lexington County Jail, asserts that it is the jail's policy to have "dorm runarounds" clean up any mess made by prisoners after a meal is served, and Defendant Ward, an officer on duty, did not let the "dorm runarounds" out to clean up before he began to let prisoners out for recreational time on February 23, 2009. As a result, Plaintiff claims that spilled food had not been properly cleaned up from some stairs in the jail, and while on his way to the jail's recreation area, he slipped on the spilled food and injured his lower back and neck. Plaintiff has received medical attention for the injury, but seeks compensation from Defendant Ward for pain and suffering and for any future medical services that result from this accident.

## ANALYSIS

Since Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915, the Magistrate Judge conducted a review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and recommended that it be dismissed without prejudice and without issuance of service of process. 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."). The Magistrate Judge interpreted Plaintiff's Complaint, which states he "was injured at the negligence of the officer," to assert a negligence cause of action against Defendant Ward, and since negligence is not a constitutional

violation under 42 U.S.C. § 1983, the Magistrate Judge found that Plaintiff's Complaint fails to state a claim on which relief can be granted. (R&R at 3.) The court agrees and dismisses any negligence cause of action Plaintiff asserts against Defendant Ward. *See Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986) ("[W]here a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required.").

To the extent Plaintiff attempts to state a claim of deliberate indifference to his health and safety, which Plaintiff made it clear in his Objections that he was stating such a claim, the Magistrate Judge found that Plaintiff also failed to state a claim sufficient to withstand dismissal because "deliberate indifference" is a high standard which requires "more than ordinary lack of due care for the prisoner's interests or safety." (R&R at 3.) In his Objections, Plaintiff maintains that Defendant Ward did not follow the jail's policy of allowing the "dorm runarounds out to clean up at all. Therefore, by violating policy Deputy Ward put [his] security, safety, and health in danger and at risk." (Objections at 1.)

It is well established that deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable under 42 U.S.C. § 1983 as constituting cruel and unusual punishment contravening the Eighth Amendment. *See Wilson v. Seiter*, 501 U.S. 294 (1991). The Magistrate Judge correctly noted, however, that deliberate indifference requires "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Grayson v. Peed*, 195 F.3d 692, 696 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). In his Objections, Plaintiff has not alleged any new facts which show that Defendant Ward acted with deliberate indifference when he failed to let the "dorm runarounds" clean up after a meal. Therefore, this court agrees that the complaint in this case

should be dismissed for failure to state a claim upon which relief may be granted.

**CONCLUSION**

It is **ORDERED** that Plaintiff Andre Jamal Tillman's Complaint be **DISMISSED** *without prejudice* and without issuance of service of process for failure to state a claim upon which relief may be granted.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**August 31, 2009**
**Charleston, SC**